## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| GUY HASSELBRING AND ROSEMARY HASSELBRING, his wife, | ) ) ) | |
| Plaintiffs | ) ) ) | Civil Action No. 4:12-cv-616-DGK |
| v. | ) ) | |
| ADVANCED BIONICS CORPORATION, ADVANCED BIONICS, LLC d/b/a ADVANCED BIONICS CORPORATION, and ASTRO SEAL, INC. | ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| _____ | ) ) | |
| COURTNEY WEAR, Individually and as Next Friend For her Minor Child, A.W. | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 4:12-cv-896 |
| v. | ) ) | |
| ADVANCED BIONICS CORPORATION, ADVANCED BIONICS, LLC d/b/a ADVANCED BIONICS CORPORATION, and ASTRO SEAL, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

WHEREAS, certain documents, testimony, and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or

commercial information, as well as other information protected from disclosure by applicable law, pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby finds that good cause exists and orders as follows:

1. Any document, portions of a document, interrogatory answer, response to requests for admission, deposition testimony, affidavit, expert report, legal brief or memoranda, technical or commercial information, or any other information produced or disclosed during the course of pre-trial proceedings in this action, may be designated for protection under this Protective Order by any party or third party witness if, in good faith, the designating person reasonably believes that such material or information is or contains trade secrets, research and development, marketing or training, confidential business, commercial or proprietary information, financial information or data, technical information, manufacturing processes, product specifications, engineering information and testing, distribution processes, or sensitive health or medical information.  Nothing herein shall constitute a waiver of the attorney-client privilege or work product protection.

2. Material designated for protection under this Protective Order ("Protected Material") shall be categorized into one of the following classifications:

(a) "CONFIDENTIAL"; or

(b) "ATTORNEYS' EYES ONLY"

The words above in quotation marks shall be placed clearly on each such page or each portion of the Protected Material.  In lieu of marking the original of a document, if the original is not produced, the designating person or entity may mark the copies that are exchanged or

produced. To the extent possible, the designation should not be placed so as to obscure any substantive content of a document.

3. Protected Material produced or exchanged in the course of this litigation shall be used only for the purpose of the parties' prosecution or defense or settlement of this action including appeals-related to this action. Protected Material shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, to anyone for any purpose whatsoever, other than as required by a party for the preparation of this case. Access to Protected Material shall be limited to those persons designated as "qualified persons" in paragraphs 4 and 5 below, and all such qualified persons given access to Protected Material shall keep all Protected Material and the material contained therein confidential from all other persons.

4. Protected Material designated "CONFIDENTIAL" under paragraph 2(a) may be disclosed only to the following persons ("Qualified Persons"):

(a) The parties, including employees and officers of the corporate parties who are assisting counsel in the prosecution or defense of this case;

(b) Counsel for the parties, including in-house counsel of the corporate parties, and regular employees of such counsel whose functions are necessary to the prosecution or defense of this action;

(c) Physicians, consultants or experts retained by the parties, or the parties' counsel, and the employees of such consultants or experts, only to the extent reasonably necessary for the prosecution or defense of this action, provided that such consultant or expert has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as Exhibit A, and provided that no disclosure shall be made to any expert or consultant who is employed by, an

independent contractor to, or a consultant to a direct competitor[1] of Advanced Bionics[2] or its subsidiaries or successors;

(d) Persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the Protected Material, or who already possess a copy of the Protected Material;

(e) The Court and court personnel, court reporters, employees of outside copy services used to make copies of Protected Material, and mediators, arbitrators, or other personnel engaged as part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action;

(f) To witnesses who testify at depositions, hearings, or at trial, if any such further proceedings occur in this case, provided that such witnesses sign the Agreement to Be Bound attached hereto as Exhibit A; and

(g) Any other person as to whom the parties agree in writing, provided that such person has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as Exhibit A.

Nothing in this Protective Order shall prohibit a disclosing party from making available to whomever it chooses documents that it has designated "CONFIDENTIAL."

5. Protected Material designated "ATTORNEYS' EYES ONLY" under Paragraph 2(b) may be disclosed only to the following Qualified Persons:

(a) Attorneys representing or advising a party in connection with this action, and their paralegals or their other employees who require access to Protected Material for the purpose of litigation of this action;

(b) Plaintiffs Courtney Wear, individually and as next friend for her minor child, A.W., provided that disclosure is necessary to the prosecution of Civil Action No. 4:12-cv-896;

(c) Plaintiffs Guy Hasselbring and Rosemary Hasselbring, provided that disclosure is necessary to the prosecution of Civil Action No. 4:12-cv-0061 DGK;

---

[1] As used in subparagraph (c), the term "competitor" means any designer, manufacturer, or seller of cochlear implants, including all subsidiaries, parent companies, and affiliates.

[2] As used in this order, the term "Advanced Bionics" refers to Defendants Advanced Bionics, LLC d/b/a Advanced Bionics Corporation or any subsidiary, division, or parent corporation.

(d) The designating party, including current and former employees and officers of the designating party who are assisting counsel in the prosecution or defense of the case;

(e) Outside experts and consultants retained by any party in good faith for the preparation or trial of this action only to the extent reasonably necessary for the prosecution or defense of this action, provided that such consultant or expert has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as Exhibit A, and provided that no disclosure shall be made to any expert or consultant who is (i) employed by a direct competitor[3] of the producing party or its subsidiaries or successors, (ii) affiliated with any producing party's competitor(s), or (iii) currently providing services to any competitor of the producing party or its subsidiaries or successors;

(f) Persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the protected material, or who already possess a copy of the Protected Material;

(g) The Court and court personnel, court reporters, employees of outside copy services used to make copies of Protected Material, and mediators, arbitrators, or other personnel engaged as a part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action and any other person as to whom the parties agree in writing;

(h) Any other person as to whom the parties agree in writing, provided that such person has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as Exhibit A.

Nothing in this Protective Order shall prohibit a disclosing party from making available to whomever it chooses documents that it has designated "Attorneys' Eyes Only." Furthermore, Protected Material marked as "ATTORNEYS' EYES ONLY" that pertains in any way to Pacific Aerospace & Electronics' ("PA&E") proprietary information, including, but not limited to, firing times, temperatures, and proprietary processes, shall not under any circumstances be disclosed to any person, including any expert, affiliated in any way with any competitor of PA&E, including

---

[3] As used in subparagraph (d), the term "competitor" means any designer, manufacturer or seller of competing products of the producing party, including all subsidiaries, parent companies, and affiliates.

but not limited to, Astro Seal. Any challenge to documents designated "ATTORNEYS' EYES ONLY" shall be made in accordance with Paragraph 23 of this order.

6. All Qualified Persons to whom Protected Material is to be disclosed in accordance with the terms of this Protective Order, except counsel of record and those Qualified Persons enumerated in paragraphs 4(e) and 5(f), shall be advised by counsel of the terms of this Protective Order, informed that they are subject to the terms and conditions of this Protective Order, and, where indicated in Paragraphs 4 and 5, execute the Agreement to Be Bound attached hereto as Exhibit A prior to any disclosure. Counsel shall be responsible for maintaining a list of all persons to whom any Protected Material has been disclosed and, for good cause shown, such list (or portions of it) shall be available for inspection by the other parties. The provisions of this Protective Order and the obligations not to disclose or use Protected Material, except as may be specifically ordered by the Court, shall remain in full force and effect as to all such person(s), and as to all such material.

7. Except to the extent permitted by this Order, every Qualified Person provided copies of or access to Protected Materials shall keep all such materials, and any permitted copies, notes, abstracts, or summaries of such material, within their exclusive possession and control, shall exercise all necessary and prudent precautions to maintain the confidentiality of all such materials, and shall not disseminate such materials or their contents to anyone.

8. Any Qualified Person having access to Protected Materials shall, to the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or any portion thereof are created, treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials or any portion thereof as confidential, and all provisions of this

Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential.

9. Protected Material disclosed at any deposition (including testimony, information, or exhibits) occurring in this litigation shall be designated under Paragraph 2 by indicating on the record at the deposition that the testimony is Protected Material and noting the appropriate category of classification. Upon request by the designating party, the court reporter shall designate those portions of the deposition transcripts that are considered to be Protected Material with the appropriate legend indicated under Paragraph 2. All persons who are not Qualified Persons for purposes of the particular designation (see Paragraphs 4 and 5) under this Protective Order shall be excluded from depositions where documents and information designated pursuant to this Protective Order are the subject of examination. Any party or third party witness may also designate testimony, information, or exhibits disclosed at such deposition as Protected Material by notifying the other parties in writing within thirty (30) days after receipt of a transcript of that deposition. During that 30-day period, the parties shall treat the transcript and any exhibits as if they had been designated "ATTORNEYS' EYES ONLY" unless the parties otherwise agree or the Court otherwise orders. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody, or control.

10. If, due to inadvertence or mistake, a designation of Protected Material under Paragraph 2 is not made at the time of disclosure, a party or third party witness may designate documents or information under Paragraph 2 by serving notice of such designation upon the parties in writing. Following such designation, the terms of this Protective Order shall apply and

disclosure of the Protected Material following such designation shall be made only in accordance with this Protective Order. The disclosure of the Protected Material prior to such designation shall not be deemed a waiver of the designating party's right to preserve the alleged proprietary, confidentiality, or trade secret status of the Protected Material. The disclosure of the Protected Material prior to such designation also shall not be considered a violation or breach of the Protective Order, but nothing herein shall immunize a disclosure otherwise prohibited by law.

11. The parties agree that the inadvertent production of any documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return the document, destroy all copies (including copies on any electronic database), and make no use or further disclosure of the information contained in the document.

12. This Protective Order shall be without prejudice to the right of any party to present a motion to the Court under the Federal Rules of Civil Procedure (or other applicable law) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein and including challenges to designations made pursuant to this Protective Order.

13. With respect to all motions and pretrial proceedings, any party who intends to file or lodge Protected Material or portions thereof or information therefrom in connection with such motion or proceeding shall file a motion to seal and accompanying order. Documents shall be filed under seal pursuant to the ECF provisions established by the Court.

8
Case 4:12-cv-00616-DGK   Document 38   Filed 02/01/13   Page 8 of 14

14. A party that files with the court, for the purposes of adjudication or to use at trial, records produced in discovery that are subject to this protective order, and does not intend to request to have the records sealed, must lodge the records and any memoranda or other documents that disclose the contents of the records, under seal and must give written notice to the party that produced the records that they will be placed in the public court file unless that party files a motion within seven days to seal the records under this rule. The records will remain conditionally under seal until the court rules on the motion.

15. Protected Material filed with the Court under seal shall be kept under seal until further order of the Court; however, said Protected Materials and other papers filed under seal shall be available to the Court, counsel of record, and to all other persons entitled to receive the Protected Materials contained therein under the terms of this Order.

16. Each party shall use reasonable efforts to maintain the confidentiality of Protected Material when such material is used at a hearing or other pretrial proceeding and shall cooperate both with the designating party and the Court in preserving any confidentiality of the Protected Material. In the event that any Protected Material is used in any court proceeding and not disclosed to the public, it shall not lose any confidential status through such use. The use and treatment of confidential material at trial will be addressed with the Court at the pre-trial conference.

17. When this litigation has concluded the Clerk of Court may return to counsel or destroy any Protected Material filed under seal pursuant to the provisions of this Order.

18. A receiving party shall be under no obligation to object to the designation of any document at the time the designation is made, or at any other time, and a party shall not, by

9

failing to object, be held to have acquiesced or agreed to the designation or be barred from objecting to the designation at any time.

19. Nothing herein shall prejudice the parties' right to object to the admission into evidence of any documents or things containing Protected Material.

20. Except as otherwise stipulated by the parties or ordered by the Court, nothing herein shall impose any restrictions on the use or disclosure by the parties of their own Protected Material.

21. This Protective Order shall not be used to require any party to produce any particular document or information. For example, a party may have other objections to the production of such documents or a portion of them (*e.g.*, a portion of a document may also be privileged as an attorney-client communication). Instead, this Protective Order shall simply facilitate the exchange of documents and information between the parties. All parties retain whatever burden they have under the Federal Rules of Civil Procedure for production of any specific document or information.

22. This Protective Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order or the production of any information or document under the terms of this Protective Order shall be deemed to have the effect of an admission or waiver, including that anything is or is not a trade secret.

23. If a party contends that any document or material has been erroneously or improperly designated as Confidential or Attorneys' Eyes Only, that party shall notify the designating party in writing of its objection and the basis for the objection. The designating

party shall then have twenty-one (21) days from receipt of the written objection to respond in writing to the objecting party and to arrange for a meet and confer. After any meet and confer, a party may file a motion to resolve any dispute, consistent with applicable Local Rules of the Court. The party asserting the Confidential or Attorneys' Eyes Only designation will bear the burden of proving such protection is warranted. Pending any court ruling, the provisions of this Protective Order shall apply and disclosure and use of the challenged documents or information shall not be made except as provided under this Protective Order.

24. Absent written agreement by the parties, this Protective Order shall not be modified without a showing of good cause and the satisfaction of any other applicable burdens under the law.

25. Within sixty (60) days after termination of this action, each party shall either (i) send all documents and other tangible items containing Protected Material (including all copies, notes, electronic data, and other materials containing or referring to information derived therefrom) to the party who produced the Protected Material or (ii) certify under oath that all such material has been destroyed. However, a party's counsel of record may retain one copy of any documents containing Protected Material produced by another party that were filed with the Court, any transcript containing Protected Material produced by another party, and any attorney work product or attorney-client communications containing Protected Material. To the extent documents are destroyed, an affidavit attesting to the destruction of such documents shall be delivered to the designating party within the 60-day period, or as otherwise agreed in writing.

26. This Protective Order shall survive the final termination of this action, unless the Court modifies this Order at the pre-trial conference, at which time the modified order shall

control, and the Court shall retain jurisdiction to resolve any dispute concerning any designation or use of information disclosed subject to this Protective Order.

**IT IS SO ORDERED.**

Dated:   February 1, 2013         /s/ Greg Kays
                                  GREG KAYS,
                                  UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# AT KANSAS CITY

| | |
|---|---|
| COURTNEY WEAR, <br> Individually and as Next Friend for her Minor Child, A.W. <br> Plaintiffs, <br><br> v. <br><br> ADVANCED BIONICS CORPORATION, <br><br> and <br><br> ADVANCED BIONICS, LLC d/b/a ADVANCED BIONICS CORPORATION, <br><br> and <br><br> ASTRO SEAL, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 4:12-cv-896 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare and agree as follows:

1. I have received and read an entire copy of the Protective Order regarding treatment of Confidential Information entered by the Court in the above-captioned matter.

2. I have had the opportunity to discuss with the undersigned counsel of record the nature and ramifications of the Protective Order and understand each of its terms.

3. I understand that, on behalf of Plaintiffs or Defendants, I will be given access to review documents that contain confidential and proprietary information, documents that may

contain confidential patient or other information protected from disclosure, and documents that contain trade secrets of Advanced Bionics, all of which information would not otherwise be accessible to me but for the fact that I am an agent for Plaintiffs or Defendants in this action.

    4.    I agree unequivocally to be bound by the terms of the Protective Order and understand fully that my breach of it, or any of its terms, may result in sanctions by the Court, contempt proceedings, and other proceedings to enforce the terms of the Protective Order. I understand that the Protective Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt.

    5.    To this end, I agree to submit to the jurisdiction of the United States District Court for the Western District of Missouri for the purpose of any proceedings that may be instituted to enforce the terms of the Protective Order. In any such proceedings, I agree not to make any challenge based upon personal jurisdiction, subject matter jurisdiction, or venue.

    I declare under penalty of perjury that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

    Executed on _____ (date), at _____(city, state).

    Signed _____