# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# AT KANSAS CITY

| | |
|---|---|
| GUY HASSELBRING AND ROSEMARY HASSELBRING, his wife, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED BIONICS CORPORATION, ADVANCED BIONICS, LLC d/b/a ADVANCED BIONICS CORPORATION, and ASTRO SEAL, INC. <br><br> Defendants. | CIVIL ACTION NO. <br> 4:12-cv-00616-DGK |
| COURTNEY WEAR, Individually and as Next Friend for her Minor Child, A.W. <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED BIONICS CORPORATION, ADVANCED BIONICS, LLC, d/b/a ADVANCED BIONICS CORPORATION and ASTRO SEAL, INC. <br><br> Defendants. | **CIVIL ACTION NO.** <br> **4:12-cv-00896-W-DGK** |

## ORDER APPROVING MINOR'S SETTLEMENT

**NOW** on this 28th day of June, 2013, the Court having considered the evidence and the parties' filings with respect to the settlement of the claims of Courtney Wear, as Next Friend and Natural Mother of A.W., finds as follows:

1. A.W. is a minor, under the age of 18, having a birth date of February 2, 2005.

2. Courtney Wear is the natural mother and is duly authorized and qualified to act as Next Friend of A.W.

3. A.W., a minor, by and through his natural mother and Next Friend Courtney Wear (hereinafter referred to as "Plaintiff"), has made a claim against Defendants Advanced Bionics Corporation and Advanced Bionics, LLC d/b/a Advanced Bionics Corporation (hereinafter collectively referred to as "Defendant Advanced Bionics"), and alleged that Defendant Advanced Bionics was liable to said minor for physical and emotional injuries sustained with regard to the manufacture of a defective HiRes 90k cochlear implant device surgically implanted into A.W. on or around January 12, 2006.

4. Plaintiff has made a claim against Defendant Astro Seal, Inc. (hereinafter "Defendant Astro Seal") and alleged that Defendant Astro Seal was liable to said minor for physical and emotional injuries sustained with regard to the manufacture of an allegedly defective component part utilized by Defendant Advanced Bionics in the manufacture of the HiRes 90k cochlear implant device that ultimately was surgically implanted into A.W. on or around January 12, 2006.

5. Defendant Advanced Bionics and Defendant Astro Seal have denied liability or negligence for injuries and damages sustained by any person as a result of the above-referenced occurrence.

6. Taking into consideration the circumstances of the occurrence, the nature of said minor's injuries, the disputed liability of this matter and the expenses, and uncertainties of trial, Defendant Advanced Bionics and Defendant Astro Seal have offered and Plaintiff has accepted payment and waiver as reflected in the Confidential Settlement Agreements and Releases.

7. The parties expressly waive the right to trial by jury. This cause is submitted to the Court upon the pleadings and evidence.

8. The Court finds that the facts set forth in the Application for Approval of Minor

Settlement and accompanying exhibits to be true and correct.

9. The Court finds that the Confidential Settlement Agreements and Releases, filed under seal as Exhibit A to Plaintiff's Application for Approval of Minor Settlement as to All Defendants being offered by Defendant Advanced Bionics and Defendant Astro Seal to fully compromise and settle the claims of Plaintiff A.W., by and through his mother and Next Friend, Courtney Wear, are fair, just, and reasonable settlements in light of the facts and circumstances of this case, and the settlements are in the best interest of A.W.

10. The Court finds that Plaintiff A.W. is a disabled person as defined under Federal and State law and that the establishment of a special needs trust for Plaintiff A.W. as filed under seal as Exhibit C to the Application for Approval of Minor Settlement is just, proper and in the best interests of A.W.

11. The Court finds that the attorneys' fees and expenses requested by the law firm of Wagstaff & Cartmell, LLP as filed under seal as Exhibit D to Plaintiff's Application for Approval of Minor Settlement as to All Defendants are fair, just, and reasonable and should be paid.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1. A jury trial is waived;

2. That Courtney Wear as natural mother and Next Friend of A.W., a minor, is empowered, ordered, authorized, and directed on behalf of said minor, to execute the Confidential Settlement Agreements and Releases and such other documents as are reasonably required, to release Defendant Advanced Bionics and Defendant Astro Seal from any and all liability to the minor Plaintiff on account of all injuries and damages sustained by the minor Plaintiff as is more fully described in Plaintiff's First Amended Petition, and to collect payment;

3. That the terms and conditions of the Confidential Settlement Agreements and

Releases entered into between Courtney Wear, as Next Friend and Natural Mother of A.W., and Defendant Advanced Bionics and Defendant Astro Seal are fair, just and reasonable and in the best interest of the minor, A.W., and are hereby approved;

4. That the apportionment of settlement proceeds following deduction of attorneys fees and expenses as set forth in the Confidential Settlement Agreements and Releases are hereby approved;

5. That Plaintiff A.W., a minor, by and through his natural mother and Next Friend, Courtney Wear, acknowledges receipt and satisfaction of amounts paid pursuant to the Confidential Settlement Agreement and Release;

6. That Plaintiff's attorneys' fees and litigation expenses as disclosed to the Court in Exhibit D to Plaintiff's Application for Approval of Minor Settlement as to All Defendants are approved and should be paid to the law firm of Wagstaff & Cartmell, LLP from the total proceeds of the settlement;

7. That a special needs trust be established for Plaintiff A.W.;

8. That each party pay their own costs and counsels' fees incurred in this action;

9. That the Confidential Settlement Agreements and Releases between the parties filed under seal with the Court remain sealed;

10. And for such other and further relief as the Court may deem just and proper in these premises.

**IT IS SO ORDERED.**

DATE:  June 28, 2013                     /s/ Greg Kays
                                                       GREG KAYS, JUDGE
                                                       UNITED STATES DISTRICT COURT